UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PARK EQUINE HOSPITAL, PLLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-100-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JANE BRAUGH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Park Equine Hospital, PLLC's Motion to Remand to State Court and Motion for Attorney's Fees. [Record No. 3] For the reasons stated below, both motions will be granted.

**I.**

On April 14, 2011, Park Equine filed suit against Defendant Jane Braugh, a horse owner and attorney who lives in California, seeking to collect $33,559.72 in veterinary fees allegedly owed by Braugh. The Complaint alleges breach of contract and unjust enrichment. [Record No. 1-2] In December 2011, Braugh filed an Answer and a Counterclaim, alleging claims under Kentucky law. [Record No. 1-6, p. 3] On August 10, 2012, after cross-motions for summary judgment were filed, the state court granted summary judgment on liability for Park Equine. [Record No. 1-12] On August 22, 2012, the state court directed the parties to mediate the case

-1-

and required that the parties be present at the mediation in Lexington, Kentucky.  [Record No. 1-14]

After scheduling difficulties arose, Park Equine filed a motion to compel and requested that the court set a date for the mediation.  In her response, Braugh argued that the selected mediator was no longer neutral because of alleged ex parte contacts.  [Record No. 1-15, p. 5] Based on this response, Park Equine asserted that any further mediation efforts would be a waste of time and resources, and requested that the matter be set for a trial.  [Record No. 1-16]  After arguments, the court scheduled a trial for April 16, 2013.

On April 10, 2013 — almost two years after the suit was instituted — Braugh filed a "Motion for Leave to Amend Counterclaim," alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  [Record No. 1-19]  The next day, on April 11, 2013, Braugh removed the case to this Court based of federal question jurisdiction pertaining to the allegations contained in her proposed Amended Counterclaim.  Because of the removal, the Fayette Circuit Court cancelled the April 16, 2013 trial.  However, it took no action regarding Braugh's motion to file an amend Counterclaim.  [Record No. 3-1, p. 4]

In support of its motion to remand, Park Equine argues that a defendant may not create subject matter jurisdiction by filing a counterclaim alleging violations of federal law.  It argues that Braugh's purpose in removing the case to federal court was to delay the trial in the Fayette Circuit Court, and that it is entitled to attorney's fees because there was no objectively reasonable basis for removal.  In response, Braugh argues that the proposed Amended

Counterclaim established federal question jurisdiction and that the Court has supplemental jurisdiction over the non-federal claims.

## II.

A federal district court's removal jurisdiction is set out in 28 U.S.C. § 1441.  Under this statutory section, "[a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Where, as here, diversity jurisdiction is lacking, removal jurisdiction "turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts."  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983).  Thus, the Court looks to 28 U.S.C. § 1331, which dictates the parameters of the Court's federal question jurisdiction.  Section 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In other words, a case is properly removed when it "arises under" federal law — or, when original federal question jurisdiction would be proper.  *Id.*

The Supreme Court has explained that a district court's federal question jurisdiction is limited to cases "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax*, 463 U.S. at 27–28.  A case depends on the resolution of a substantial question of federal law when "the federal law is a necessary element

of one of the well-pleaded . . . claims." *Id.* at 13. Additionally, under the "well-pleaded complaint" rule, courts will generally only look to the plaintiff's complaint. *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005). Therefore, absent diversity, in deciding whether a district court has subject matter jurisdiction over the claims of a party, the Court applies the well-pleaded complaint rule. *See Franchise Tax*, 463 U.S. at 13.

There are very few exceptions to this rule. As the Sixth Circuit explained in *Mikulski v. Centerior Energy Corp.*:

> One exception is the artful-pleading doctrine: plaintiffs may not "avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims." A related exception is the complete-preemption doctrine: removal is proper "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." A third exception is the substantial-federal-question doctrine, which applies "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."

501 F.3d 555, 565 (6th Cir. 2007) (internal citations omitted). Under these limited circumstances, a defendant may properly remove an action to federal court despite a plaintiff's desire to proceed in state court. "Further, because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000).

"[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, "[t]he well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state law or federal law does not ordinarily diminish the plaintiff's right

to choose a state law cause of action." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994).   Further, the party seeking removal bears the burden of demonstrating that the district court has original jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).   Thus, the defendant must prove the propriety of removal by demonstrating that the case, as pleaded by the plaintiff, falls under the original jurisdiction of the Court.[1]  *Id.*

### III.

Braugh concedes that Park Equine's Complaint — alleging simple breach of contract and unjust enrichment under Kentucky law —  does not provide a basis for federal jurisdiction. [Record No. 3-1, p. 4; Record No. 5, p. 4]  Therefore, the issue is whether Braugh's proposed amended counterclaim[2] may operate as the basis for federal question jurisdiction.  Park Equine argues that it cannot, because a defendant may not attempt to create federal question jurisdiction

---

[1]     It is undisputed that the Court lacks diversity jurisdiction because the amount in controversy does not exceed $75,000.

[2]      It is likely that Braugh's counterclaim has not actually been amended, because leave has not been given for Braugh to amend her counterclaim.  *See* Ky. R. Civ. P. 15.01; Fed. R. Civ. P. 15.  Although Braugh filed a motion to amend her counterclaim in the state court, this motion was apparently not considered prior to removal.  Despite this deficiency, the Court will assume for the purpose of considering this jurisdictional issue that the amendment was proper.

by filing a counterclaim alleging violations of federal law.[3]  [Record No. 3-1, p. 5]  Based on well-established authority from the Supreme Court and the Sixth Circuit, this Court agrees.

"[I]t is well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction."[4]  *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007) (internal quotation marks omitted); *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (stating that federal jurisdiction cannot rest upon a federal counterclaim, even if the counterclaim is compulsory); *Air Measurement Tech., Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 128 S. Ct. 1651 (2008) (noting that generally a case may not be removed solely because of a counterclaim); *Holmes Group, Inc v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (holding, in the context of patent law, that the well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction).  Where, as here, the only basis for removal is the assertion of a federal counterclaim, courts have

---

3       Park Equine first argues that removal is improper under the plain language of the statute.  Regarding removal, Title 28 U.S.C. § 1446 provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Braugh does not identify what document she received upon which she first "ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446. Although Park Equine may be correct that this failure is detrimental to her Notice of Removal, the more supportable argument — and the one most developed by Park Equine — is that a federal counterclaim cannot form the basis of removal.

4       Although the well-pleaded complaint rule has a few very narrow exceptions, contrary to Braugh's contention, there is a "bright-line rule" on the issue of whether a federal counterclaim alone can operate as the basis for federal question jurisdiction.  [Record No. 5, p. 5]

consistently held that the federal court lacks jurisdiction.  From this binding precedent, it is clear that the Court lacks federal question jurisdiction over this matter.

Nor has Braugh established that federal question jurisdiction can be found in any of the very narrow exceptions to the well-pleaded complaint doctrine.  Relying primarily on *Grable*, Braugh argues that the reasoning in that case should apply here because federal question jurisdiction "also lies over state-law claims that implicate significant federal issues."  [Record No. 5, p. 5] However, *Grable*, which held that federal jurisdiction exists where a state-law *claim* implicates significant federal issues, is inapposite.  *See* 545 U.S. at 315.  The focus in *Grable* was on the plaintiff's complaint, not the defendant's counterclaim.  Indeed, there was no counterclaim asserted in that case, nor in any other case relied upon by the defendant.

Braugh's argument that claims in this case implicate significant federal issues is also without merit.  Park Equine's breach of contract and unjust enrichment allegations in no way implicate significant federal issues.  Braugh's suggested expansion of *Grable* — to apparently include all instances where a creditor sues a debtor under state contract theory — ignores the limited jurisdiction of federal courts.[5]  Adopting Braugh's view of the well-pleaded complaint

---

5       Braugh argues that "[g]iven the commonality of instances where debtor/creditor disputes, or when the collection of a disputed debt results in a creditor plaintiff initiating litigation in State Court, in the instance of the violation of debtor's rights under the Fair Debt Collection Practices Act, under Plaintiff's analysis, a debtor would *always* be precluded from invoking federal jurisdiction arising under federal law." [Record No. 5, pp. 7-8]  She further states that the two scenarios resulting from this analysis — litigating FDCPA counterclaims in state court, or maintaining "parallel" litigation regarding FDCPA claims — does not "comport[] with legislative intent." [*Id.*]  This argument ignores that federal courts often lack jurisdiction over certain defenses and counterclaims, even in substantive areas and with industries that are heavily regulated by federal law — such as employment law, the tobacco industry, and tax law — even where cases turn on the construction of federal law.  14B C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 3722.  Such is a natural consequence of the well-pleaded complaint rule, a doctrine that, absent few very narrow exceptions, remains controlling.

rule and *Grable* would "radically expand the class of removable cases, contrary to due regard for the rightful independence of state governments." *Holmes*, 535 U.S. at 832.

Finally, Braugh attempts to make a broad – yet largely irrelevant – policy argument regarding the thoroughbred industry and the "overzealous and deceptive trade practices from local veterinarians." [Record No. 5, p. 6]  This argument is premised on the purpose of the FDCPA, despite the fact that the FDCPA was injected into this case solely by Braugh's proposed amended counterclaims.[6]  As Park Equine points out, the Sixth Circuit has decided that, where the sole basis for federal jurisdiction is an FDCPA counterclaim, federal courts lack subject matter jurisdiction. *Chase*, 507 F.3d at 913-14.  Indeed, the court in that case went even further, finding that in such an instance, a defendant has no "objectively reasonable basis from which to conclude that federal question jurisdiction supported removal." *Id.*  Accordingly, the Court will remand this case to the Fayette Circuit Court.

## IV.

Park Equine also seeks attorney fees connected with the removal of this action.  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The award of attorney fees in connection with a motion under 28 U.S.C. § 1447(c) "is within the sound discretion of the district court."  *Chase*, 507 F.3d at 914 (6th Cir. 2007); *see also Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008) ("District courts

---

6       The defendant has advanced arguments that, at best, require liberal readings of applicable law, and, at worst, ignore the binding precedent of the Supreme Court and the Sixth Circuit.

have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c).").

> In determining whether fees should be awarded, the Supreme Court has explained that
>
> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). "The objective reasonableness standard, however, does not require a showing that the defendant's position was frivolous or without foundation." *Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, No. 13-0080, 2013 U.S. App. LEXIS 1533, at *9 (6th Cir. Jan. 22, 2013) (internal quotation marks omitted) (noting that among other factors, "objective reasonableness may depend on the clarity of the law at the time the notice of removal was filed").

As stated previously, the Sixth Circuit has upheld the award of attorney's fees and costs in similar circumstances. *Chase*, 507 F.3d at 915. In *Chase,* the defendants removed the case due to alleged federal question jurisdiction based on their counterclaim, which alleged violations of the FDCPA. *Id.* Here, Braugh asserted a counterclaim alleging violations of the FDCPA, then, the very next day, removed the case due to federal question jurisdiction.[7] A cursory review of relevant authorities would have alerted the defendant to the fact that the attempt to remove the

---

[7] The Court is troubled by the implication that Braugh may have removed the case to cause the cancellation of the impending trial date. However, because attorney's fees are warranted under the "objectively reasonable" standard, the Court need not decide whether attorneys' fees should be awarded under the inherent powers of the Court.

-9-

action was not fairly supportable.  Braugh had no objectively reasonable basis from which to conclude that federal question jurisdiction supported removal.

## V.

Defendant Jane Braugh has not met her burden of showing that this Court has subject matter jurisdiction over this case.  Additionally, she lacked an objectively reasonable basis for removing the matter to this Court.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Plaintiff Park Equine Hospital, PLLC's Motion to Remand [Record No. 3] is **GRANTED**.  This case shall be **REMANDED** to the Fayette Circuit Court.

2.      Plaintiff Park Equine's Motion for Costs and Attorneys' Fees Pursuant to 28 U.S.C. § 1447 [Record No. 3] is **GRANTED**.  The Court retains limited jurisdiction to award attorney fees for improper removal.  The plaintiff may file an affidavit of fees and expenses associated with the defendant's improvident removal within fourteen days of this date.  The defendant shall file any objections to the amount of fees and expenses sought within fourteen days after the plaintiff's affidavit has been filed.  The matter shall stand submitted at that time.

3.      All other pending motions are **DENIED**, without prejudice, as moot.

This 30th day of May, 2013.



**Signed By:**

_**Danny C. Reeves**_

**United States District Judge**